(4 Misc. Rep. 285.)

PHILLIPS v. EHRMAN.

(City Court of Brooklyn, General Term. June 26, 1893.)

PLEADING—BILL OF PARTICULARS.

 In an action for injuries to numerous articles of personal property, a bill of particulars of the articles injured and of the damage to each was properly denied where plaintiff had exhibited the injured articles to defendant and his appraiser, and the appraisers of defendant and plaintiff, respectively, together examined and appraised the same.

Appeal from special term.

Action by Albertina Phillips against Isaac Ehrman for injuries to personal property. From an order denying a motion for a bill of particulars, defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Fernando Solinger, for appellant.
Henry C. Botty, for respondent.

VAN WYCK, J. This is an appeal from an order denying a motion for a bill of particulars. The action is brought to recover

damages for injuries done, through defendant's culpable fault, to plaintiff's "furniture, carpets, oilcloths, matting, rugs, table cover, lamps and shades, crockery, stoves, toilet sets, silverware, clothing, linen, and sundry articles of household goods," on February 22, 1893, at 20 Graham avenue. Defendant, in asking for a bill of particulars of the articles injured, and the damage to each, alleged generally that he was ignorant of the same. On the hearing plaintiff swore that on February 22, 1893, she called defendant's attention to the extent of the damage done, and exhibited to him all the damaged articles, and that on the next day she again exhibited the articles to defendant and Mr. Batterman, his appraiser, and to Mr. Cohen, her appraiser, and that these two appraisers duly examined the damaged articles and appraised the same in the presence of defendant and herself. Defendant did not deny this explicit statement of plaintiff under oath, showing conclusively that he personally has examined the articles and had them examined and appraised by a person selected by himself, and it is hard to imagine what more information a bill of particulars would afford him. There is no valid reason for interfering with the exercise of what seems to us to have been a sound discretion in the denial of the application.

Order must be affirmed, with costs.